CHUN CHANG LIM *v.* CHUN AH HEE.

No. 1796.

ARGUED MAY 24, 1928.          DECIDED JUNE 4, 1928.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

This is an appeal from a decree rendered in a divorce proceeding. On the 20th day of April, 1927, Chun Chang Lim, the wife, filed a libel for divorce against her husband, Chun Ah Hee, on the ground of nonsupport for the statutory period of sixty days. The libellee filed an answer denying his alleged failure to support and also filed a cross-libel, by which latter he sought a divorce from the libellant on the ground of desertion for a continuous period of more than six months. On the 8th day of July, 1927, the libellee, by leave of court, filed an amended cross-libel. The amended cross-libel contained the same allegation of desertion as that contained in the original libel and the additional charge that the libellant had during the period of seven months last past, and including the 23d day of May, 1927, committed adultery with one Charles Ritchie. The libellant denied the allegations of both the original and the amended cross-libel. On the 5th day of August, when the case was called for trial, the libellant, by permission of the court, withdrew her answer to the amended cross-libel and moved to dismiss the amended cross-libel on the following ground: "That it appears that the amended cross-libel is identical in every respect with the original cross-libel save for an additional ground, to-wit, adultery, alleged to have been committed subsequent to the filing of the original libel by libellant." This motion was granted. The circuit judge then proceeded to hear the case on the pleadings then before it, which consisted of the libel, the answer to the libel, the original cross-libel and the answer thereto. Thereupon the evidence was taken on the issues thus presented and the circuit judge

decided that the wife was entitled to a divorce on the ground of nonsupport and that the husband was not entitled to a divorce on the ground of desertion. A decree was entered accordingly and the custody of the minor child of the parties was awarded to the wife. It is from this decree that the appeal is taken.

It was error to strike the husband's amended cross-libel. The wife's libel, in which she charged that the husband had not supported her "for a period of more than sixty days next immediately preceding the commencement of" her action, was filed on April 20. The husband's amended cross-libel, in which he charged that the wife "and one Charles Ritchie have committed adultery, one with the other, on numerous and sundry occasions, the particular dates of which libellee is unable to set forth, during a period of seven months last past and including the 23rd day of May, 1927," was filed on July 8. The seven months during which the wife is charged with having committed acts of adultery includes a period not only anterior to the commencement of her suit but anterior to the sixty days during which she charged the husband with nonsupport. Certainly if the wife committed the matrimonial offense of adultery before the husband's failure to provide for her her offense would not only be a ground upon which he could obtain a divorce from her under his amended cross-libel but such offense would constitute complete justification for his failure to provide for her and would defeat her suit. Upon the question thus presented the husband was entitled to introduce evidence.

It is true the amended cross-libel also charges the wife with having committed adultery subsequent to the commencement of her suit. If this had been the only charge of adultery a different question would be presented—a question not free from difficulty. Inasmuch,

however, as this question was not fully argued and a decision upon it is not necessary to the determination of the present appeal we pass it without further comment.

During the taking of the testimony the husband did introduce witnesses for the purpose of proving adultery by the wife with Charles Ritchie both prior and subsequent to the commencement of her suit. His amended cross-libel having, however, been stricken and no longer before the court the evidence of these witnesses was offered solely for the purpose of showing the wife's unfitness to have the custody of the minor child of the parties. The circuit judge, notwithstanding this evidence, awarded the custody of the child to the wife. It is argued by the wife that this clearly indicates that the judge did not believe the witnesses who testified concerning her adultery and that therefore the decree should in any event be affirmed. We have no means of knowing what impression these witnesses made upon the trial judge or whether he believed or disbelieved their testimony. In his decision he made no comment upon them or their testimony. It is quite conceivable that he did believe them and nevertheless, because of the child's tender years, thought it best to award its custody to the mother. This has occurred many times in divorce proceedings.

The decree appealed from is reversed and the case remanded for such further proceedings as are not inconsistent with this opinion.

*C. K. Quinn* (also on the brief) for libellant.
*J. B. Lightfoot* (also on the brief) for libellee.